[Cite as *Ramirez v. Ramirez*, 2014-Ohio-3799.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DEISY LOPEZ RAMIREZ | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| GEORGE L. RAMIREZ | : | Case No. 2014 AP 02 0007 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No. 12 TC 07 0282


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    August 28, 2014


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

JOSE A. IBORRA                              JOSEPH I. TRIPODI
2859 Aaronwood Avenue, NW              114 East High Avenue
Massillon, OH  44646                          New Philadelphia, OH  44663

For Tuscarawas County CSEA

ERIN ESPENSCHIED
154 Second Street, NE
New Philadelphia, OH  44663

*Farmer, J.*

{¶1} On December 22, 2005, appellant, George Ramirez, and appellee, Deisy Lopez de Ramirez, were married. The couple had one child together in 2010. On July 13, 2012, appellee was served with a petition for dissolution of marriage filed by appellant in the state of Minnesota. On same date, appellee filed a complaint for divorce in the state of Ohio.

{¶2} On July 27, 2012, appellant filed a motion to dismiss, contesting the jurisdiction of the Ohio court. A hearing before a magistrate was held on September 4, 2012. By decision filed November 13, 2012, the magistrate found no personal jurisdiction over appellant; therefore, all issues of divorce and property were to be decided by the court in Minnesota. However, Ohio had jurisdiction over the child and therefore issues pertaining to child custody, support, and companionship were to be decided by the court in Ohio. By judgment entry filed December 4, 2012, the trial court adopted the magistrate's decision.

{¶3} A hearing before a magistrate on child related issues was held on March 6, 2013. By decision filed March 14, 2013, the magistrate named appellee residential parent and legal custodian of the child and issued child support orders. Appellant filed objections, contesting jurisdiction. A hearing was held on May 6, 2013. By judgment entry filed July 12, 2013, the trial court granted in part and overruled in part the objections, finding more evidence was needed on the issue of monetary child support.

{¶4} An additional hearing before a magistrate was held on August 28, 2013. By decision filed October 16, 2013, the magistrate issued orders relative to child support. Appellant filed objections, again contesting jurisdiction. By judgment entry

filed January 30, 2014, the trial court overruled the objections and adopted the magistrate's decision.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "AN OHIO DOMESTIC RELATIONS COURT, NOT HAVING JURISDICTION OVER THE PERSON OR SUBJECT MATTER IN A DIVORCE COMPLAINT COMMITS REVERSIBLE ERROR AND ABUSES ITS DISCRETION IN RETAINING JURISDICTION OVER CUSTODY, VISITATION, AND SUPPORT ISSUES WHEN JURISDICTION SHOULD RESIDE IN THE JUVENILE COURT OF TUSCARAWAS COUNTY, OHIO."

II

{¶7} "THE ISSUANCE OF CHILD SUPPORT ORDERS FROM THE DOMESTIC RELATIONS TRIAL COURT TO THE TUSCARAWAS COUNTY CSEA WERE VOIDABLE AND ABUSED THE TRIAL COURT'S DISCRETION SINCE APPELLANT'S HOME STATE, MINNESOTA, SHOULD BE THE COLLECTING STATE FOR CHILD SUPPORT."

I, II

{¶8} Appellant's assignments of error challenge the trial court's jurisdiction to issue orders relative to child custody, support, and companionship. Appellant claims jurisdiction should reside with the Juvenile Division, not the Domestic Relations Division, and his home state of Minnesota should be the collecting state for child support. We disagree.

{¶9}  Throughout the case, appellant strenuously contested the trial court's jurisdiction.  R.C. 3115.06 controls simultaneous proceedings in another state and provides the following:

(A) A tribunal of this state may exercise jurisdiction to issue a support order if the complaint or comparable pleading is filed in this state after a complaint or comparable pleading requesting the issuance of a support order is filed in another state only if all of the following apply:

(1) The complaint or comparable pleading is filed in this state before the expiration of the time allowed in the other state for filing a responsive pleading challenging the exercise of jurisdiction by the other state;

(2) The contesting party timely challenges the exercise of jurisdiction in the other state;

(3) With respect to actions to issue child support orders, this state is the home state of the child.

(B) A tribunal of this state may not exercise jurisdiction to issue a support order if the complaint or comparable pleading is filed in this state before a complaint or comparable pleading requesting the issuance of a support order is filed in another state if any of the following is the case:

(1) The complaint or comparable pleading is filed in the other state before the expiration of the time allowed in this state for filing a responsive pleading challenging the exercise of jurisdiction by this state.

(2) The contesting party timely challenges the exercise of jurisdiction in this state.

(3) With respect to actions to issue child support orders, the other state is the home state of the child.

{¶10} R.C. 3115.07(A) permits continuing, exclusive jurisdiction of Ohio over a child support order it issues "as long as the obligor, individual obligee, or child subject to the child support order is a resident of this state, unless all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction." Both R.C. 3115.06 and 3115.07 are within the Domestic Relations Chapter of the Ohio Revised Code.

{¶11} Both appellant and appellee filed for divorce and custody orders in their respective states, Minnesota and Ohio. In a decision filed November 13, 2012, adopted by the trial court via judgment entry filed December 4, 2012, a magistrate recommended the following:

1. The Tuscarawas County Court of Common Pleas should be found to not have personal jurisdiction over George Ramirez. However, the Court should be found to be the only Court under the UCCJEA, which has jurisdiction over the child. Therefore, the Minnesota Court should address all issues of Divorce and property of the parties and the

Tuscarawas County Common Pleas Court should address matters pertaining to custody, support, and companionship of the minor child.

{¶12} On May 17, 2013, a final decree dissolving the parties' marriage was filed in Minnesota, and provided the following:

> 2. **Custody, Parenting Time, Medical Coverage, Child Support, Income Tax Exemptions, and Any Other Issues Pertaining to the Parties' Joint Child** - The State of Ohio has jurisdiction under the Uniform Child Custody Jurisdiction Act to enter an Order regarding the custody, care and control of the minor child of the parties. In the event that Ohio declines jurisdiction over any issues pertaining to the joint child of the parties, this Court shall have jurisdiction to enter an Order regarding such issues and will do so at the request of either party.

{¶13} The final decree found that both parties were represented, and both "reached an agreement resolving all issues raised by these proceedings." The final decree specifically found "Minnesota is not the proper jurisdiction within contemplation of the Uniform Child Custody Jurisdiction Act to enter an Order regarding the custody, care and control of the minor child of the parties."

{¶14} The language of the final decree from Minnesota, coupled with the parties' agreement/consent, vests jurisdiction on the issues of child custody, support, and

companionship with the trial court sub judice.    Accordingly, we find the trial court's jurisdiction has been satisfied under R.C. 3115.06 and 3115.07(A).

{¶15}  Assignments of Error I and II are denied.

{¶16}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, J.

Wise, J. concur  and

Hoffman, P.J., concurs in part and dissents in part.

SGF/sg  728

*Hoffman, P.J., concurring in part and dissenting in part,*

{¶17} I concur with the majority as to its determination an Ohio court has jurisdiction, but respectfully dissent as to its finding the Tuscarawas County Domestic Relations Division appropriately  exercised that jurisdiction.   I believe the Tuscarawas County Juvenile Division has exclusive jurisdiction over issues pertaining to the minor child.  My reason follows.

R.C. 2151.23 provides, in pertinent part:

(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:

***

(11) Subject to divisions (G), (K), and (V) of section 2301.03 of the Revised Code, to hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation, a criminal or civil action involving an allegation of domestic violence, or an action for support brought under Chapter 3115. of the Revised Code * * *

{¶18} The Minnesota court determined all issues of divorce and property division and correctly found Ohio had jurisdiction over the minor child and issues pertaining to child custody, support, and companionship.  Because the divorce and property issues were settled, the issues pertaining to child custody, support, and companionship were "not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation * * *".  Therefore, pursuant to R.C. 2151.23(A)(11), I find the Tuscarawas

County Juvenile Court had exclusive jurisdiction over the matters pertaining to the parties' minor child.

_____
HON. WILLIAM B. HOFFMAN